**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FREDDIE CRAYTON,**

      **Petitioner,**

**v.**                               **Case No. 8:14-cv-2234-T-36MAP**

**SECRETARY, DEPARTMENT**
**OF CORRECTIONS,**

      **Respondent.**
                                         /

## <u>ORDER</u>

Freddie Crayton ("Crayton"), a former Florida prisoner, initiated this action with a *pro se* pleading entitled "newly discovered evidence pursuant to Rule 33 of the Federal Rules of Criminal Procedure." (Doc. 1.) Crayton also filed a pleading containing argument. (Doc. 2.) Construing these filings as a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254 and a memorandum of law in support, the Court directed Crayton to file an amended petition on the prescribed form.[1] (Doc. 5.) Crayton filed an amended petition in which he challenges his convictions entered by the Sixth Judicial Circuit for Pinellas County, Florida. (Doc. 6.)

Respondent filed a response asserting that the amended petition is untimely and submitted exhibits in support. (Docs. 10, 12.) Crayton filed a *pro se* reply, (Doc. 15), to

---

[1]Crayton was "in custody" when he filed the construed federal petition because he was serving the probationary portion of his split sentence. *See Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982) (*per curiam*) ("In the context of habeas proceedings, the 'in custody' requirement may also be met where a petitioner is on probation . . . .").

which Respondent filed a supplemental response and supplemental exhibits. (Docs. 19, 21, 23.) Crayton retained habeas counsel, who filed a response requesting a hearing on the timeliness of the petition or, in the alternative, a hearing on the merits of the petition. (Doc. 29.) Respondent filed a response in opposition to this request. (Doc. 30.) Pursuant to this Court's order, Respondent then filed an amended response addressing the grounds for relief. (Docs. 31, 34.) Additional exhibits were furnished. (Doc. 37.) Crayton's counsel filed a reply. (Doc. 42.) Upon review, the Court finds that the amended petition is timely and it will be denied.

## I. PROCEDURAL HISTORY

Crayton was found guilty after a jury trial of sexual activity with A.L., a child 12 years of age or older but less than 18 years of age, while Crayton was in a position of familial or custodial authority (count two). Crayton was also found guilty of sexual misconduct with J.H., a juvenile offender, who was detained or supervised by, or committed to the custody of, the Florida Youth Academy (count four).[2] (Doc. 37, Resp. Ex. 37, R 69-70.) Crayton was sentenced to concurrent prison terms of 15 years, of which 10 years was suspended. The suspended portion of the sentence was ordered to be served on sex offender probation. (Doc. 37, Resp. Ex. 37, R 71-75.) On August 26, 2005, the state appellate court *per curiam* affirmed.[3] *Crayton v. State*, 911 So. 2d 108 (Fla. 2d DCA 2005).

---

[2] The State nolle prossed two counts of sexual activity with a child (counts one and three) before trial. (Doc. 37, Resp. Ex. 37, R 65.)

[3] Crayton filed a *pro se* Fla. R. Crim. P. 3.800(c) motion for reduction and modification of sentence, which was denied by order rendered October 20, 2005. (Doc. 12, Resp. Ex. 23 at 9; Doc. 15-2 at 30.)

On September 18, 2006, Crayton filed his first *pro se* motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Doc. 12, Resp. Ex. 6.) The 2006 Rule 3.850 motion was summarily denied. (Doc. 12, Resp. Ex. 7.) The state appellate court *per curiam* affirmed, *Crayton v. State*, 958 So. 2d 929 (Fla. 2d DCA 2007), and the mandate issued on June 28, 2007. (Doc. 12, Resp. Ex. 10.)

While his 2006 Rule 3.850 motion was pending, Crayton filed a *pro se* motion to correct sentence pursuant to Florida Rule of Procedure 3.800(a), in which he sought additional pre-sentence credit. (Doc. 23, Resp. Ex. 32.) The Rule 3.800(a) motion was granted by order rendered January 18, 2007. (Doc. 12, Resp. Ex. 23 at 8; Doc. 23, Resp. Ex. 33) Pursuant to the trial court's order, the state court clerk amended the jail credit provision on Crayton's sentence to show an award of an additional 17 days of credit for pre-sentence time spent in jail. (Doc. 23, Resp. Ex. 34 at 5.)

On August 20, 2007, Crayton filed a second *pro se* Rule 3.850 motion. (Doc. 12, Resp. Ex. 11.) The 2007 Rule 3.850 motion was summarily denied in part, and a final denial was rendered after a 2008 evidentiary hearing.[4] (Doc. 12, Resp. Exs. 12, 16.) Crayton's motion for rehearing, which did not come to the state trial court's attention until 2012, was denied. (Doc. 37, Resp. Ex. 37, R 290-91.) The state appellate court *per curiam* affirmed, *Crayton v. State*, 123 So. 3d 567 (Fla. 2d DCA 2013), and the mandate issued on October 31, 2013. (Doc. 12, Resp. Ex. 20.)

Before the October 31, 2013, mandate issued, Crayton filed a third *pro se* Rule 3.850 motion on March 13, 2013. (Doc. 12, Resp. Ex. 24.) This motion was stricken

---

[4]During pendency of the 2007 Rule 3.850 motion, Crayton filed a *pro se* state habeas petition on September 17, 2007. Florida's Second District Court of Appeal transferred the petition to the state trial court, which dismissed the petition by order rendered February 12, 2008. (Doc. 12, Resp. Exs. 21-22, 23 at 6.)

because it did not comply with Rule 3.850's oath requirement.  (Doc. 12, Resp. Ex. 25.)  On April 5, 2013, Crayton filed a *pro se* Rule 3.850 motion.  (Doc. 12, Resp. Ex. 26.)  The state court dismissed the March 13, 2013, and April 5, 2013, Rule 3.850 motions as untimely filed.  (Doc. 12, Resp. Ex. 27.)  The state appellate court *per curiam* affirmed the ruling, *Crayton v. State*, 138 So. 3d 445 (Fla. 2d DCA 2014), and the mandate issued on May 23, 2014.  (Doc. 12, Resp. Ex. 28.)

On November 17, 2014, Crayton filed a *pro se* petition for writ of habeas corpus in the Florida Supreme Court, which determined that relief was not authorized and dismissed the proceeding on December 15, 2014.  (Doc. 12, Resp. Exs. 29, 30.)  *Crayton v. State*, 160 So. 3d 893 (Fla. 2014).  The Supreme Court denied Crayton's petition for writ of certiorari.  *Crayton v. Florida*, 136 S. Ct. 231, *reh'g denied*, 136 S. Ct. 610 (2015).

## TIMELINESS OF PETITION

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for a state prisoner to file a § 2254 petition for a writ of habeas corpus, which begins to run under Section 2244(d)(1)(A) on the date the prisoner's state judgment becomes final.  The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . " 28 U.S.C. § 2244(d)(2).

The final sentence is the judgment.  *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (citation omitted).  Crayton's original judgment was rendered in 2003. (Doc. 23, Resp. Ex. 34 at 3.)  In an order rendered January 18, 2007, the state court granted Crayton's *pro se* Rule 3.800(a) motion requesting additional credit for time served and directed the clerk to amend the judgment of conviction and sentence to include an additional 17 days of

4

pre-sentence credit and to forward the amended judgment and sentence to the Department of Corrections. (Doc. 23, Resp. 33.) The jail credit provision of his sentence was amended by notation to include 17 additional days of jail credit for a total of 71 days. (Doc. 23, Resp. Ex. 34 at 5.) Crayton is in custody on the amended judgment. *See Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007) ("*Burton* makes clear that the writ and AEDPA, including its limitations provisions, are specifically focused on the judgment which holds the petitioner in confinement."). The state court's determination that Crayton was entitled to additional credit did not require the state court to vacate the sentence. Even so, the judgment that authorized Crayton's imprisonment was amended, and Crayton's one-year limitations period commenced when the amended judgment was final. *See e.g.*, *Walker v. Sec'y, Dep't of Corr.*, No. 1:12CV282-RH/GRJ, 2014 WL 2095370, at *5 (N.D. Fla. May 20, 2014) (unpublished) (holding that petitioner was entitled to a later triggering date for the federal limitations period where state court amended the sentence *nunc pro tunc* to the date of judgment of conviction). *Cf.*, *Eberle v. Warden*, 532 Fed. App'x. 605, 610 (6th Cir. 2013) ("[A] modification of a previously imposed sentence to afford presentence credits also does not affect the date on which finality attaches for statute-of-limitation purposes.") (citation omitted).

Respondent contends that the construed federal petition, that initiated this proceeding, was filed after Crayton's one-year limitations period expired. (Doc. 21 at 6.) Respondent asserts, and Crayton does not dispute, that his amended judgment was final on March 3, 2007, when the time for taking an appeal expired. (Doc. 21 at 5.) Crayton's limitations period would have started the next day. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("under Fed.R.Civ.P. 6(a)(1), 'in computing any time period

specified in . . . any statute that does not specify a method of computing time . . . [we must] exclude the day of the event that triggers the period[,] count every day, including intermediate Saturdays, Sundays, and legal holidays[, and] include the last day of the period,' unless the last day is a Saturday, Sunday, or legal holiday."). However, Crayton's 2006 Rule 3.850 motion (Doc. 12, Resp. Ex. 6) was pending at the time.

The 2006 Rule 3.850 motion, "properly filed" within the meaning of § 2244(d)(2), tolled Crayton's one-year limitations period until the mandate issued on June 28, 2007, in his post-conviction appeal.[5] (Doc. 12, Resp. Ex. 10.) *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open. And an application for state postconviction review no longer exists."). Crayton's federal limitations period started running the next day. A period of 52 days ran on Crayton's limitations period before it was tolled on August 20, 2007, when he filed his 2007 Rule 3.850 motion.[6] (Doc. 12, Resp. Ex. 11.) The 2007 Rule 3.850 motion, denied on the merits, was "properly filed" within the meaning of the tolling statute, and was pending until mandate issued in Crayton's post-conviction appeal on October 31, 2013. (Doc. 12, Resp. Ex. 20.) Crayton filed the construed petition 312 days later on Monday, September 8, 2014 (Doc. 1), before his one-year limitations period expired. The Court finds that the construed federal petition is timely, and further, that the

---

[5] Crayton's Rule 3.800(c) motion was denied, and his Rule 3.800(a) motion was granted, before Crayton's amended judgment was final.

[6] Crayton's state habeas petition filed September 17, 2007, and dismissed by order rendered February 12, 2008, had no tolling effect. (Doc. 12, Resp. Exs. 21, 22, 23 at 6.) His third Rule 3.850 motion and his amended Rule 3.850 motion were denied as untimely filed. ((Doc. 12, Resp. Exs. 24, 26, 27.) Thus, these Rule 3.850 motions were never "properly filed." *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("time limits, no matter their form, are 'filing' conditions"). *See also Hernandez–Alberto v. Sec'y, Fla. Dep't of Corr.*, 840 F.3d 1360, 1366 (11th Cir. 2016) (*per curiam*) ("The key takeaway from *Pace* is that an untimely application was not, and could not ever have been considered, properly filed.").

amended petition (Doc. 6) is timely. Accordingly, Respondent's motion to dismiss the petition as untimely will be denied. (Doc. 10.)

**STANDARD OF REVIEW**

Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may only grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in a state court where the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

**EXHAUSTION OF STATE COURT REMEDIES; PROCEDURAL DEFAULT**

Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted). A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last

resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358–59 (11th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845).

To exhaust a claim, a petitioner must make the state court aware of both the legal and factual bases for his claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its prisoners' federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004). The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish "cause," the prisoner must show "that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must demonstrate that the errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Jackson*

*v. Herring*, 42 F.3d 1350, 1361 (11th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Alternatively, a petitioner may obtain federal habeas review of a procedurally defaulted claim if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier*, 477 U.S. at 495–96. A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). This exception concerns a petitioner's "actual" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To overcome a procedural default through a showing of actual innocence, the petitioner must present "reliable evidence . . . not presented at trial" such that "it is more likely than not that no reasonable juror would have convicted him of the underlying offense." *Johnson*, 256 F.3d at 1171 (quoting *Schlup*, 513 U.S. at 324, 327) (internal quotation marks omitted)).

## DISCUSSION

### Ground One

Crayton alleges he was not read his *Miranda*[7] rights by Officer Karl Gracy, the arresting officer, when he was taken in a patrol car to jail. (Doc. 6 at 5.) Crayton asserts that Officer Gracy never read him his *Miranda* rights when arresting him. (Doc. 6 at 19). Crayton did not raise this ground at trial and on direct appeal. Accordingly, this ground is unexhausted. Crayton acknowledges that he did not raise this ground on direct appeal. (Doc. 6 at 5.) He further indicates that he did not raise this ground in a post-conviction motion. (Doc. 6 at 6.)

---

[7] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Federal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempt at exhaustion would be futile. *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir.1999); *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purpose of federal habeas. . . ."). Because this ground could have been raised at trial and on direct appeal, it is procedurally barred under Florida law. Crayton cannot raise this ground in an untimely, successive direct appeal. *See* Fla. R. App. P. 9.140(b)(3) (a defendant must appeal a final judgment within 30 days following rendition of a written order imposing sentence). Accordingly, this ground is procedurally defaulted.

Crayton does not allege that an objective factor external to the defense caused the default. Rather, Crayton asserts in his amended petition that "I thought my counsel suppressed everything about my *Miranda* rights." (Doc. 6 at 6.) Any mistaken assumption on Crayton's part that trial counsel addressed this ground in the course of the state court proceedings does not excuse Crayton's default. Crayton must show the existence of an "external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim" which prevented him from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991) (quoting *Murray v. Carrier*, 477 U.S. at 488). Crayton states that he did not know the law and trusted his counsel "with everything." (Doc. 6 at 6.) Crayton's lack of knowledge of the law does not constitute cause for the default. *See e.g.*, *Toole v. McDonough*, 379 Fed. App'x. 883, 885, n.5 (11th

Cir. 2010) (rejecting petitioner's contention that his *pro se* status and lack of legal knowledge constituted an external impediment justifying his failure to exhaust his claim).

Crayton states that he mentioned in a Rule 3.850 motion that his trial counsel did not suppress his statement to the law enforcement officer. (Doc. 6 at 19.) Crayton does not contend — as cause to excuse his default of this ground — that his trial counsel failed to move to suppress Crayton's statements on the basis that Crayton was not given his *Miranda* rights when Crayton was in the police car, or at any other time. Were the amended petition construed to raise that claim, it is procedurally barred because Crayton did not raise the claim in a timely rule 3.850 motion. While an ineffective assistance of counsel claim can constitute cause for the procedural default of another claim, the ineffective assistance claim must not, itself, be procedurally barred. *Edwards v. Carpenter*, 529 U.S. at 453.

In the first ground of Crayton's 2006 Rule 3.850 motion, Crayton alleged that his counsel failed to move to suppress Crayton's statement to the officer. (Doc. 12, Resp. Ex. 6.) Crayton asserted that while being interrogated, he requested appointment of a lawyer, after the officer insisted that the victims were telling the truth. (Doc. 12, Resp. Ex. 6.) However, Crayton's Rule 3.850 motion did not allege that Crayton was not given his *Miranda* rights when Crayton was in the police car. (*Id.*) In his appellate brief on appeal of the summary denial of his Rule 3.850 motion, Crayton stated that: he was arrested at Seminole High school; he was never read his *Miranda* rights; he was questioned about the other victim, A.L.; and Crayton asked to speak with an attorney. (Doc. 12, Resp. Ex. 8.) However, Crayton did not allege in his Rule 3.850 motion that his trial counsel should have moved to suppress Crayton's statements on the basis that Crayton was never

advised of his *Miranda* rights. A firmly established and regularly followed procedural rule in Florida provides that an appellate court will not consider a claim raised for the first time on appeal. *See Connor v. State*, 979 So. 2d 852, 866 (Fla. 2007) ("This . . . issue was not raised at the trial level and was not raised in the 3.851 motion. Because the issue may not be heard for the first time on appeal of a post-conviction motion, we deny relief on this issue.") (citing *Doyle v. State*, 526 So. 2d 909, 911 (Fla. 1988)).

Accordingly, to the extent this ground raises a claim that trial counsel was ineffective for not seeking suppression of Crayton's statements on grounds that Crayton made statements in the patrol car or at other times without benefit of *Miranda* warnings, that claim is procedurally defaulted. Because Crayton did not raise this claim in a timely Rule 3.850 motion, he cannot bring the ineffective assistance claim — as cause to excuse his default of a substantive Fifth Amendment claim, or as an independent claim for relief — in an untimely, successive Rule 3.850 motion. *See* Fla. R. Crim. P. 3.850 (b), (h). Because Crayton "has failed to establish one element of the cause and prejudice exception, he cannot show the exception applies." *Johnson v. Singletary*, 938 F.2d 1166, 1175 (11th Cir. 1991) (citing *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982)).

In reply, Crayton contends that there will be a fundamental miscarriage of justice if he is not granted an evidentiary hearing on the merits of this claim. (Doc. 42. at 2) Crayton further asserts that if it "is proven to be true that [he] was interrogated in the back seat of his vehicle and *Miranda* was not read to him, then [he] would have made a showing of cause and prejudice and/or fundamental miscarriage of justice." (Doc. 42 at 3.) Crayton has not established cause and prejudice, and he is not entitled to federal review of this ground through the fundamental miscarriage of justice exception because he does

not show that he has new reliable evidence of actual innocence. *Schlup*, 513 U.S. at 324. Accordingly, the claim that Crayton was not read his Miranda rights in the patrol car or never read his rights is procedurally barred from federal review. No evidentiary hearing is required.

Crayton also contends in this ground that the officer told him to admit the crime and kept telling him that everyone makes mistakes. (Doc. 6 at 9.) Crayton further alleges that the arresting officer made the same statements while interrogating Crayton at the police station. (*Id.*) These claims are also unexhausted and are now procedurally barred because Crayton did not raise the federal nature of these claims at trial and on direct appeal. He cannot raise these claims in an untimely, second appeal. Crayton has not shown cause to excuse the default and actual prejudice. Furthermore, he has not shown that he is entitled to review of these claims in this ground under the fundamental miscarriage of justice exception. Accordingly, these allegations are also procedurally barred from federal review.

As stated above, Crayton cites his 2006 Rule 3.850 motion, in which he alleged that his counsel should have moved to suppress his statement on grounds that Crayton requested a lawyer be appointed after the officer insisted that the victims were telling the truth. (Doc. 6 at 19, Doc. 12, Resp. Ex. 6.) To the extent this ground were construed to include that claim of ineffective assistance of counsel, Crayton is not entitled to relief. The state trial court denied the ineffective assistance claim as follows:

> Defendant alleges counsel was ineffective for failing to have defendant's out of court statements suppressed. Defendant alleges he requested counsel while being interrogated; therefore a motion to suppress should have been filed. A motion in limine regarding a taped interview with the defendant was discussed prior to trial. Based on that discussion, it is clear that the defendant was not in custody during any of the times

> defendant was questioned or when he made the alleged confession. *See Exhibit D: Trial transcript, pages 18-22.* Unless a defendant is subjected to custodial interrogation, he is not entitled to counsel. *Pardon v. State*, 930 So. 2d 700 (Fla. 4th DCA 2006). Additionally, defendant does not state that he ever informed counsel of his request.

(Doc. 12, Resp. Ex. 7 at 2.) The *per curiam* affirmance of that decision constitutes an adjudication of the claim of ineffective assistance of counsel on the merits.

In *Edwards v. Arizona*, 451 U.S. 477 (1981), the Supreme Court extended *Miranda*'s declaration of a custodial suspect's right to counsel by holding that, after the suspect has invoked his right to counsel, the police may not reinitiate questioning without counsel present, unless the suspect initiates further questioning. *Id.* at 484–85. Because the presence of both a custodial setting and official interrogation is required to trigger the *Miranda* right-to-counsel warnings, absent one or the other, *Miranda* is not implicated. *See Miranda*, 384 U.S. at 477-78.

The state trial court reasonably determined from record excerpts that Crayton was not in custody when he made statements to the officer.[8] During a hearing on motions in limine, the prosecutor advised the state trial court that the officer had asked Crayton to come to the police department, where Crayton denied the allegations involving J.H. in a video-taped interview of Crayton. (Doc. 12, Resp. Ex. 7, attach. D, T 20.) Because Crayton denied committing the offense, the prosecutor did not seek admission of that taped interview. (*Id.*) However, the prosecutor advised that there would be testimony that Crayton had called the officer the next day and several days later, Crayton called the officer and during the conversation, Crayton admitted he committed the offense against

---

[8] Although the direct appeal record is listed as an exhibit in the appendix to the Respondent's first response, the record was not provided. (Doc. 12.) However, record excerpts from the transcript are attached to the order denying Crayton's Rule 3.850 motion. (Doc. 12, Resp. Ex. 7, attach. D.)

J.H.  (Doc. 12, Resp. Ex. 7, attach. D, T 20-21.)  Further, the officer asked Crayton to come to the department the next day and that Crayton said he had to go to church and would be in the next day but did not appear.  (*Id.* at T 22.)  The excerpted portions of this proceeding support the conclusion that Crayton was not in custody when he was interviewed at the police station or when the officer later spoke with him by phone. Moreover, Crayton's Rule 3.850 motion did not allege and show that he was in custody when he was interviewed at the police station or when he subsequently spoke with the officer by phone.  Nor did Crayton in his Rule 3.850 motion allege and show that after the phone conversation, he was interrogated while in custody in violation of his right to counsel.  Accordingly, Crayton failed to show any deficiency in counsel's performance in not moving to suppress his statements to the officer on grounds that Crayton requested counsel while being interrogated.  The state decision on Crayton's claim of ineffective assistance of counsel is not contrary to, nor an unreasonable application of, *Strickland*, and the state decision does not involve an unreasonable determination of the facts in light of the evidence.  Accordingly, Ground One is denied.

**Ground Two**

Crayton alleges that Officer Gracy "made illegal phone calls" to Crayton's house when the officer was with a coworker of Crayton.  (Doc. 6 at 7.)  Crayton asserts that the officer did not obtain a court order "to make the call."  (*Id.*)  Crayton contends that the state trial judge "would not allow this into evidence, so the jury never heard about it." (*Id.*) This ground does not state a violation of a federal constitutional right.  *See* § 2254(a).

Even if this ground were interpreted to raise a federal claim, Crayton did not present to the state courts the federal nature of this ground at trial and on direct appeal.

Accordingly, this ground is unexhausted. Crayton states that he raised this ground in his Rule 3.850 motion that was denied by order rendered December 4, 2007. (Doc. 6 at 7, Doc. 12, Resp. Exs. 11, 12.) Crayton alleged in his 2007 Rule 3.850 motion that his trial counsel rendered ineffective assistance by failing to call Stephen Mosser. According to Crayton, Mosser would have testified that the arresting officer recorded a phone conversation with Crayton. (Doc. 12, Resp. Ex. 11, R 33). Crayton further alleged that the officer made controlled phone calls and that the officer through Mosser made a controlled phone call to Crayton at Crayton's home. (Doc. 12, Resp. Ex. 11, R 45.) However, Crayton's Rule 3.850 motion did not raise a constitutional claim of trial court error for refusing to allow evidence of illegal phone calls by the officer to Crayton. Because this ground could have been raised as a federal claim at trial and on direct appeal, it is procedurally barred under Florida law. Crayton cannot raise this ground in an untimely, successive direct appeal.

Crayton has not alleged and established cause and prejudice to overcome the procedural default of this ground. Crayton's counsel argues that a miscarriage of justice has occurred since Crayton is asserting his actual innocence. (Doc. 42 at 3.) However, counsel candidly points out that counsel has no further legal argument in support of this claim. (*Id.*) Crayton has no new reliable evidence of actual innocence. *Schlup*, 513 U.S. at 324. Ground Two is procedurally barred from review.

### Ground Three

Crayton alleges that the state trial judge "viewed porn" during Crayton's two-day trial. (Doc. 6 at 8.) Crayton contends that he found in his trial transcripts "where Judge Downey was looking at porn" during Crayton's trial. (*Id.)* Crayton does not state a federal

constitutional claim in this ground. Crayton asserts that he "found" this ground "later with newly discovered evidence." (Doc. 6 at 9.) A claim of newly discovered evidence, standing alone, provides no basis for habeas relief. *See Townsend v. Sain*, 372 U.S. 293, 317 (1963) ("the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus."), *overruled in part on other grounds*, *Keeney v. Tamayo–Reyes*, 504 U.S. 1 (1992). This ground does not state a constitutional claim. Accordingly, this ground is not cognizable on federal habeas review.

Even if this ground were construed to raise a constitutional claim, this ground is procedurally defaulted because Crayton did not raise this ground as a federal claim in a timely Rule 3.850 motion. In his April 5, 2013, Rule 3.850 motion, Crayton raised a claim that the state trial judge viewed pornography during Crayton's trial. (Doc. 12, Resp. Ex. 26.) Crayton asserted that the state judge admitted that he viewed pornographic websites in chambers and on the bench from 2002 through 2005. (*Id.*) Crayton further alleged that the Sixth Amendment right to a jury trial provides an accused a safeguard against a biased or eccentric judge. (*Id.*) The state trial court applied Rule 3.850(b)'s two year time limitation in dismissing Crayton's Rule 3.850 motion, holding that Crayton's motion was untimely filed. (Doc. 12, Resp. Ex. 27 at 1.) The state trial court further found that despite Crayton's allegation of newly discovered evidence, his Rule 3.850 motion was still untimely. (Doc. 12, Resp. Ex. 27 at 2.) Rule 3.850(b) provides that no other motion shall be filed or considered pursuant to the rule if filed more than 2 years after the judgment and sentence become final unless it alleges that "(1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have

been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence." Fla. R. Crim. P. 3.850(b)(1). The state trial court found that Judge Downey's conduct was the subject of much attention when it was revealed in 2005 and that the state judge was publicly reprimanded in 2006. Given the amount of publicity on the matter, the state trial court concluded that Crayton could have discovered it with the exercise of due diligence in 2006. (Doc. 12, Resp. Ex. 27 at 2.)

The *per curiam* affirmance of the trial court's procedural ruling is presumed to rest on the same ground. (Doc. 12, Resp. Ex. 9.) *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("[W]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits."). The state trial court's ruling rested on an independent and adequate state ground that precludes federal habeas consideration of this ground.

Federal habeas courts reviewing convictions from state courts will not consider claims that a state court refused to hear based on an adequate and independent state procedural ground." *Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017). State rules count as "adequate" if they are "firmly established and regularly followed." *Johnson v. Lee*, 136 S. Ct. 1802, 1804 (2016) (quoting *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal quotation marks omitted)). These requirements are met here. *See Whiddon v. Dugger*, 894 F.2d 1266, 1266–68 (11th Cir. 1990) (holding that the procedural requirements of Rule 3.850 constitute an independent and adequate state ground for denying habeas relief). Because Crayton did not raise his claim as a federal claim in a timely Rule 3.850

motion, it is now procedurally barred. Any future attempt to raise this ground as a constitutional claim in another Rule 3.850 motion would be subject to dismissal as untimely and successive. *See* Fla. R. Crim. P. 3.850(b), (h).

Crayton does not make any of the requisite showings to excuse his default. Crayton's counsel requests a hearing to determine whether the state judge viewed pornography during the course of Crayton's trial. (Doc. 42 at 3.) Crayton asserts that the fact that the judge was viewing pornography was something that he could not have known at the time of trial. (Doc. 42 at 5.) Crayton fails, however, to show cause for his failure to raise this ground within two years of the time when the facts could have been discovered with diligence. Fla. R. Crim. P. 3.850(b)(1). Before retaining habeas counsel, Crayton furnished one page of the trial transcript, which shows that before a recess during trial, the state court judge stated, "You can all carry on while I'm still sitting here. I need to clear out my computer and then I'll be leaving the bench. (Doc. 15-2 at 2.) This record extract does not show the reason that the state judge had to clear the computer. Nevertheless, information about the state judge's conduct was publicly available a number of years before Crayton filed his 2013 Rule 3.850 motion. Crayton has provided a May 27, 2006, newspaper article concerning the state trial judge (Doc. 17-1 at 31-32) and an article recounting the public reprimand. (Doc. 17-1 at 33-34.) Crayton does not show cause for his failure to raise this ground within the two-year time limit provided by Rule 3.850(b)(1).

Crayton also fails to show actual prejudice. Crayton, in his amended petition, asks this Court to find that the state trial judge "habitually trolled and watched pornographic websites" during his trial. (Doc. 6 at 21) He alleges that the state judge prohibited him

from cross-examining officer Gracy; the state judge "never gave" Crayton a *Faretta*[9] hearing; and the state judge was biased against Crayton, "in favor of Largo Police." (Doc. 6 at 21.) Although Crayton's counsel states that he can point out at an evidentiary hearing instances where the judge was distracted and made rulings on evidentiary issues that were erroneous, he provides no specifics. (Doc. 42 at 5.) Even if, however, the amended petition were construed to raise these allegations to show prejudice, Crayton's conclusory allegations are insufficient to show that the judge's alleged conduct in Crayton's case "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady,* 456 U.S. at 170.[10]

Crayton cannot show that a fundamental miscarriage of justice would result if this ground is not addressed. He has no new reliable evidence of actual innocence. Accordingly, Ground Three is barred from federal review.

**Ground Four**

Crayton alleges that one of his witnesses signed an affidavit stating that she was with him and that "none of the allegation ever happened." (Doc. 6 at 10.) He contends that he did not get the signed affidavit "until ten years later." (*Id.*) No specifics are alleged in the amended petition.

---

[9] *Faretta v. California*, 422 U.S. 806 (1975).

[10] Crayton's habeas counsel does not assert that these claims are independent claims for relief. Moreover, these claims are conclusory, failing to show an entitlement to relief. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (conclusory or speculative allegations do not warrant federal habeas relief). Furthermore, the amended petition does not raise a federal constitutional claim as to the state court's rulings on matters for cross-examination. Nor does the amended petition raise the allegation that the judge was biased as a federal constitutional claim. Additionally, Crayton did not raise at trial and on direct appeal the constitutional dimension of the claim that the judge was biased in favor of police. Any further attempt to raise this claim would be futile, as he cannot raise this claim in an untimely, second appeal. The *Faretta* claim is also procedurally defaulted because Crayton did not raise the claim at sentencing and on direct appeal, as shown *infra*.

Before Crayton's counsel and the Respondent addressed Crayton's grounds for relief, Crayton furnished a purported statement of Lizette Sepulveda dated August 6, 2011. (Doc. 15-2 at 32-39.) Crayton asserted in a *pro se* reply that Sepulveda was with him "the whole time" the alleged crimes took place. (Doc. 15 at 15.) According to Crayton, Sepulveda would have testified that nothing ever happened between Crayton and A.L. or J.H., the victims alleged in counts two and four of the charging document. (*Id.*) Even taking into consideration these allegations, this ground does not state a cognizable claim for habeas relief.

The Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) (citing *Herrera v. Collins*, 506 U.S. 390, 404–405). *See also Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002) ("The Supreme Court has held that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.'") (quoting *Herrera*, 506 U.S. at 400)). *See also Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007) ("[O]ur precedent forbids granting habeas relief based upon a claim of actual innocence. . . in non-capital cases). Crayton does not assert an independent constitutional violation. Therefore, this ground does not present a cognizable ground for federal habeas relief.

Were a freestanding claim of actual innocence cognizable on habeas review, Crayton has failed to demonstrate that he is actually innocent of the offenses. "An actual-innocence claim must be supported 'with new reliable evidence — whether it be

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial.'" *Milton v. Sec'y, Dep't of Corr.*, 347 Fed. App'x. 528, 530-31 (11th Cir. 2009) (quoting *Schlup*, 513 U.S. at 324)). To meet the "'threshold showing of innocence' justifying 'a review of the merits of the constitutional claims,' the new evidence must raise 'sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" *Milton*, 347 Fed. App'x. at 531 (quoting *Schlup*, 513 U.S. at 317).

Sepulveda's purported statement is not new evidence. The offenses were alleged to have occurred in 2000 (Doc. 12, Resp. Ex. 7, Ex. A), and the statement purportedly written by Sepulveda is dated some eleven years later. (Doc. 15-2 at 23-39.) The identity of the alleged witness and her information were known to Crayton when he proceeded to trial, as he contends that she was with him the "whole time the allege[d] crime took place." (Doc. 15 at 15.) Crayton's submission of an affidavit from Sepulveda years later does not constitute new evidence of actual innocence of either of the offenses for which Crayton is imprisoned.

Moreover, Crayton has no reliable evidence of actual innocence. In his second Rule 3.850 motion (filed before Crayton secured the statement attributed to Sepulveda), Crayton alleged that Sepulveda would have testified that she was with Crayton when victims J.H. and A.L. said that they had sex with Crayton. (Doc. 12, Resp. Ex. 11, R 15, 17, 21.) Crayton testified at the state evidentiary hearing held on his Rule 3.850 motion that Sepulveda would have testified to Crayton's version that: J.H. said she had to use the bathroom; he unlocked the bathroom, and when J.H. was still inside, he told J.H. to come out and told Sepulveda to hold the door; when he checked, the door was closed;

the next thing he knew, one of his staff members was talking with Sepulveda; and J.H. came out of the bathroom. (Doc. 12, Resp. Ex. 15, R 220.) However, Sepulveda did not testify at the state evidentiary hearing, and trial counsel testified that he did not believe Sepulveda was a good witness. Counsel explained that Sepulveda testified in deposition that Crayton was inside the bathroom with J.H. for approximately ten minutes. (Doc. 12, Resp. Ex. 15, R 236.).[11]

Crayton fails to show that the alleged witness would provide a trustworthy eyewitness account that Crayton did not commit the sexual activity and sexual misconduct offenses for which he stands convicted. Crayton persists in his assertion that the alleged witness was with him the whole time and that nothing ever happened. (Doc. 17 at 4.) However, the statement attributed to Sepulveda does not include an assertion that she was with Crayton when the offenses were alleged to have occurred. (Doc. 15-2 at 32-39.) Crayton fails to present new reliable evidence that demonstrates it is more likely than not that no reasonable juror would have convicted him. Accordingly, even if this ground were cognizable, it does not warrant relief. Ground Four is denied.

**Ground Five**

Crayton alleges that he was not afforded a *Faretta* hearing at his sentencing. (Doc. 6 at 20.) This ground was not properly exhausted and is procedurally defaulted because Crayton did not raise this ground at sentencing and on direct appeal.

Crayton raised this ground in his 2006 Rule 3.850 motion. (Doc. 12, Resp. Ex. 6.) The state trial court denied relief on the basis that an issue of trial court error should have

---

[11] . On post-conviction appeal, Crayton's appellate counsel did not raise the issue, noted that there was no evidence adduced to support Crayton's assertion that Sepulveda could provide an alibi for Crayton as to one of the offenses. (Doc. 12, Resp. Ex. 17 at p. 22, n. 2.)

been raised on direct appeal. (Resp. Ex. 7 at 3.) The *per curiam* affirmance of that procedural ruling is presumed to rest on the same ground. (Doc. 12, Resp. Ex. 9.) *Ylst*, 501 U.S. at 803. The state trial court's refusal to consider Crayton's ground rested on an independent and adequate state ground that precludes federal habeas consideration of this issue.

Florida courts routinely observe the rule that issues appropriate for direct appeal are not cognizable in a post-conviction motion. *See* Fla. R. Crim. P. 3.850(c); *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 (11th Cir. 2005) (holding that where the state prisoner did not raise on direct appeal a claim that the judge's statement violated the constitution, the Rule 3.850 court's refusal to consider the claim because it was procedurally barred rested on an independent and adequate state ground that precludes federal habeas consideration of this issue.). *See e.g.*, *Downs v. State*, 740 So. 2d 506, 509, n. 5 (Fla. 1999) (holding that claim that trial court failed to conduct adequate inquiry under *Faretta* should be raised on direct appeal.).

Crayton's counsel addresses this ground but does not assert that this ground is exhausted and not procedurally defaulted.[12] (Doc. 42 at 7-9.) Crayton does not establish make any of the requisite showings to overcome his default. Accordingly, Ground Five is procedurally barred from federal habeas review.

---

[12] Crayton asserted in a state habeas petition filed September 17, 2007, that the state trial court failed to hold a *Faretta* hearing at Crayton's sentencing. (Doc. 12, Resp. Ex. 21.) Upon transfer of the petition by the state appellate court to the state trial court, the petition was dismissed by order rendered February 12, 2008, according to the state court docket. (Doc. 12, Resp. Exs. 22, 23 at 6.) Although Respondent does not provide the order, Crayton's counsel does not assert that the state trial court found that this ground was cognizable in a state habeas petition. Nor does Crayton contend that he appealed the ruling.

**Ground Six**

Crayton alleges that he was not placed under oath when asked about his decision to testify, making his trial testimony "questionable." (Doc. 6 at 23.) This ground does not present a cognizable claim for federal habeas review. *See* 28 U.S.C. § 2254(a). Crayton does not state a federal constitutional claim.

Were this ground construed to raise a federal claim, Crayton has not presented the state courts the federal nature of this ground. Accordingly, it is unexhausted, and it is procedurally barred because Crayton did not raise this ground as a constitutional claim at trial and on direct appeal. He cannot raise this ground as a federal claim in an untimely, second direct appeal.

Crayton does not make any of the requisite showings to overcome his default. Accordingly, Ground Six is procedurally barred from federal review.

Any claims not specifically addressed in this Order have been determined to be without merit.

## CONCLUSION

The Respondent's motion to dismiss the petition as untimely is **DENIED**. (Doc. 10.) The amended petition for the writ of habeas corpus is **DENIED**. (Doc. 6.) Crayton's request for a hearing on the timeliness of the petition or, in the alternative, a hearing on the merits of the petition is **DENIED** as moot. (Doc. 29 at 6.) Crayton's request for an evidentiary hearing is **DENIED** as moot. (Doc. 42 at 9.) The Clerk is directed to enter a judgment against Crayton and to **CLOSE** this case.

## DENIAL OF A CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

**IT IS FURTHER ORDERED** that Crayton is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a certificate of appealability, Crayton must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because he fails to show that reasonable jurists would debate the procedural issues and the merits of the claims, Crayton is not entitled to a certificate of appealability, and he is not entitled to appeal *in forma pauperis.*

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Crayton must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on September 28, 2017.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to counsel of record